UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

M E M O R A N D U M

Honorable Anthony W. Ishii
Chief United States District Judge
Fresno, California

                      RE:    MARJORIE HUNTER HUPP
                               Docket Number: 1:08CR00127-01 AWI
                               **REQUEST TO VACATE MANDATORY AND SPECIAL CONDITION**

Your Honor:

On May 5, 2008, the above-referenced offender pled guilty to a violation of 18 USC 641, Theft of Government Property or Money, as charged in a single-count Information. Thereafter, on August 4, 2008, the offender appeared before Your Honor and was sentenced to a term of 60 months probation. She was also ordered to pay restitution in the amount of $105,156, as well as a $100 special assessment. Mandatory drug testing and DNA collection were further ordered. Special conditions of probation included mental health treatment, complete 200 hours of unpaid community service and participate in home detention with electronic monitoring for a period of 180 days.

Immediately following sentencing, the offender's 60-month term of probation commenced forthwith. Since that time, her performance on supervision has been exceptional. She reports to the probation officer as directed and has consistently maintained a respectful and cooperative demeanor during all interactions. She has also maintained a stable residence, wherein all home contacts have been void of any negative issues. The offender has not incurred any new arrests, convictions or pending criminal matters, nor has she ever sustained any probation violations. In addition, the offender has satisfied the required DNA collection and successfully served and/or completed the home detention requirement. She has consistently submitted all required monthly supervision reports and she previously participated in mental health treatment, wherein her therapist reported the offender made good use of therapy.

RE:   MARJORIE HUNTER HUPP
      Docket Number:   1:08CR00127-01 AWI
      **REQUEST TO VACATE MANDATORY AND SPECIAL CONDITION**

As for the offender's Court-ordered financial obligations, she has since satisfied the $100 special assessment and has paid a total of $6,457.20 toward her restitution. She currently owes an outstanding restitution balance of $98,698.80. It is noted that approximately two years prior, garnishment of the offender's Social Security benefits commenced via the Treasury Offset Program. More specifically, approximately $220 per month is garnished from the offender's benefits and applied towards her outstanding restitution. Her payment history is both consistent and exceptional.

While the offender has satisfied most of her special conditions of supervision, her continuous multiple physical health ailments and family obligations have prevented her from satisfying Special Condition Number 6, to wit: "The defendant shall complete 200 hours of unpaid community service as directed by the probation officer. The defendant shall pay fees attendant to participation and placement in this program, on a sliding scale as determined by the program. Community service shall be completed by July 1, 2010."

Since probation commenced, the offender, now age 71, has suffered from numerous physical health ailments, including high blood pressure, high cholesterol, stenosis of the spine, sciatica issues and dry-eye syndrome. In addition, she suffers from severe knee pain as she underwent knee replacement surgery on her left knee several months prior. The offender's knee has not healed properly and she remains predominantly dependent on the use of a cane for mobility. It is noted the offender also experiences pain in her right knee and has been told she will soon require surgery once again for the replacement of her right knee.

In addition to experiencing her own physical health ailments, the offender is also the sole care giver for both her husband and adult son. Specifically, the offender's husband is 84 years-old and suffers from several physical health ailments, including lymphoma (neck cancer), severe dementia and diabetes. Because her husband is unable to drive, the offender must take him to numerous medical appointments on a weekly basis. Regarding the offender's son, he was recently diagnosed with a brain tumor and suffers from constant

RE:     **MARJORIE HUNTER HUPP**
        Docket Number:   1:08CR00127-01 AWI
        <u>**REQUEST TO VACATE MANDATORY AND SPECIAL CONDITION**</u>

headaches.  Because he too is unable to drive, the offender must transport him to and from multiple neurology appointments on a weekly basis.

It is noted the offender has made several prior attempts to secure a location where she could perform the required community work hours.  However, based on her serious physical health ailments, she has been deemed a liability and her requested services have ultimately resulted in rejection by most organizations.  While the offender's term of supervision is not scheduled to expire until August 3, 2013, it is highly unlikely that her physical health, specifically her mobility, will improve to the point where she will no longer be deemed a liability and be capable of satisfying this special condition.  On the contrary, it is more probable to conclude the offender's mobility will likely continue to diminish considering the fact she must undergo a second knee replacement surgery, wherein both knees will be artificial.  In addition, much of the offender's time is consumed with transporting her husband and son to and from various medical appointments.

Based on all factors considered, it is respectfully recommended Special Condition Number 6 (requiring the offender to perform 200 hours of unpaid community service) be vacated so as to allow the offender to be in full compliance of her supervision.  In addition, while mandatory drug testing was ordered in this case, the offender does not have a history of alcohol or illegal drug use.  As such, she poses little to no risk of engaging in future substance abuse.  In addition, she frequently suffers from urinary tract infections which causes difficulty in conducting attempted urinalysis testing.  Therefore, it is further recommended that mandatory drug testing also be vacated in this case.  It is noted the undersigned probation officer recently contacted Assistant United States Attorney Kirk E. Sheriff who is not opposed to both Special Condition Number 6 and mandatory drug testing being vacated.

A signature block has been prepared for Your Honor regarding the above issues.  Should Your Honor require additional information and wish to speak with the undersigned officer by phone, the office number is (559) 499-5721.

RE:     **MARJORIE HUNTER HUPP**
        Docket Number:   1:08CR00127-01 AWI
        <u>**REQUEST TO VACATE MANDATORY AND SPECIAL CONDITION**</u>

                               Respectfully submitted,

                               /s/ Brian J. Bedrosian

                              **BRIAN J. BEDROSIAN**
                              United States Probation Officer

Dated:     April 12, 2011
           Fresno, California
           BB

**REVIEWED BY:**     /s/ Robert A. Ramirez
                    **ROBERT A. RAMIREZ**
                    **Supervising United States Probation Officer**

_____

**THE COURT ORDERS:**

( **X** )   Vacate special condition number 6 and mandatory drug testing

(  )   Submit a Request for Modifying the Conditions or Term of Supervision.

(  )   Submit a Request for Warrant or Summons.

(  )   Other:

cc:   Kirk E. Sherriff
      Assistant United States Attorney

      Marc J. Days
      Defense Counsel

IT IS SO ORDERED.

Dated:   April 12, 2011
                                              _____
                                              CHIEF UNITED STATES DISTRICT JUDGE

Rev. 11/2009
MEMO ~ COURT.MRG